UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SVEN E. SAMPSON,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 14-cv-05825 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkts. 11, 12, 13).

       After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical opinion evidence provided by the impartial medical expert who testified at plaintiff's administrative hearing. Specifically, although the ALJ

gave the opinions from this non-examining physician significant weight, he failed to discuss explicitly the effect of the doctor's opinion that plaintiff suffered from limitations dealing with the stresses of routine work.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, SVEN E. SAMPSON, was born in 1962 and was 49 years old on the amended alleged date of disability onset of April 25, 2012 (*see* AR. 37, 241-44). Plaintiff spent over twenty years in the Air Force serving as a Pharmacy Technician (AR. 436, 257-58). Plaintiff graduated from college in the Air Force and obtained an MBA in 2005 (*see* AR. 437).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "Traumatic brain injury; cognitive disorder; depression, posttraumatic stress disorder; anxiety disorder; personality disorder; attention deficit hyperactivity disorder; status post lumbosacral fusion and percutaneous discectomies with back and neck pain (20 CFR 404.1520(c))" (AR. 15).

## PROCEDURAL HISTORY

Plaintiff's December 12, 2012 application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 119-33, 135-50). (Plaintiff has had two prior hearings and the Administrative Law Judges found him not disabled (AR. 76-95, 100-17).)

Plaintiff's requested hearing for this application was held before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on December 9, 2013 (*see* AR. 34-75). On March 14, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 9-30).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ improperly applied the doctrine of *res judicata*; (2) Whether or not the ALJ improperly evaluated the medical evidence; (3) Whether or not the ALJ properly evaluated plaintiff's testimony; (4) Whether or not the ALJ properly evaluated the lay evidence; (5) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (6) Whether or not the ALJ erred by basing her step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. 11, p. 1). Because the Court concludes that issue number two is dispositive, it will be discussed first, and the remaining issues will be discussed only briefly or not at all since the matter is reversed and remanded for further consideration.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ improperly evaluated the medical evidence**.

Plaintiff contests the ALJ's evaluation of multiple medical opinions, including the opinion of non-examining psychiatrist, Dr. Herbert M. Tanenhaus, M.D. (*see* Dkt. 11, pp. 6-7). Dr. Tanenhaus testified at plaintiff's administrative hearing as an impartial medical expert (*see* AR. 12).  Dr. Tanenhaus provided a number of opinions regarding plaintiff's functional limitations, such as that plaintiff "could have no more than occasional interaction with the general public due to his irritability and lack of patience" (AR. 22-23).

The ALJ gave "significant weight" to the opinions of Dr. Tanenhaus "because he had the opportunity to review all of the claimant's mental impairments and listen to his testimony at the hearing" (AR. 23). The ALJ also found that Dr. Tanenhaus's opinion "is consistent with the prior administrative law judge's decision [and] . . . . is also supported by the claimant's own statements in the record . . . ." (*id.*).

First, as noted by plaintiff, Dr. Tanenhaus did not have the opportunity to listen to plaintiff's testimony at the hearing, as Dr. Tanenhaus provided his testimony remotely before plaintiff testified, and was disconnected prior to plaintiff's testimony (*see* AR. 40 ("were going to go to [Dr. Tanenhaus] first as a courtesy, so he doesn't have to sit with us through the entire hearing"), AR. 57 ("we'll go ahead and drop you off the line then"). Therefore, as argued by plaintiff, one of the ALJ's reasons for providing significant weight to the opinions of Dr. Tanenhaus is not based on substantial evidence in the record as a whole (*see id.*).

Secondly, although the ALJ indicated that she was giving significant weight to the opinions of Dr. Tanenhaus, she failed to include any limitation in her residual functional capacity ("RFC") assessment to address the opinion of Dr. Tanenhaus regarding plaintiff's limitation on "dealing with the stresses of routine work" (AR. 47).

Dr. Tanenhaus opined that plaintiff "doesn't do particularly well under stress or confrontation" (AR. 44). Dr. Tanenhaus testified that the basis for his opinion regarding plaintiff's not doing well under stress was "his irritability . . . . [and] a lack of patience" (AR. 45). Dr. Tanenhaus also testified that these symptoms are "consistent with [plaintiff's] history of a traumatic brain injury" (*see id.*). As pointed out by plaintiff, Dr. Tanenhaus opined that "as far as routine - - dealing with the stresses of routine work, I think that would depend on the level of stress in the environment" (AR. 47). In response to questioning from plaintiff's attorney, Dr. Tanenhaus explained that "again, I recommend that he would do better in a position with limited stress" (AR. 50).

Plaintiff argues that the ALJ erred by indicating that she was giving significant weight to the opinions of Dr. Tanenhaus but "failed to include in her [RFC] assessment Dr. Tanenhaus's opinion that [plaintiff] would be limited to low stress jobs" (Dkt. 11, p. 7 (*citing* AR. 47)). Defendant contends that there is no error because "Dr. Tanenhaus may have been opining that plaintiff could not tolerate a high stress job, [but] he did not say that plaintiff could only work in a low stress job" (Dkt. 12, p. 14 (*citing* AR.47)). The Court concludes that this argument is not persuasive. It is a logical inference that if plaintiff cannot tolerate a high stress job, that he only can tolerate a lower stress job. At the very least, this is significant and probative evidence that the ALJ needed to address.

ORDER ON PLAINTIFF'S COMPLAINT - 5

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).

Dr. Tanenhaus clearly opined that plaintiff's ability to deal "with the stresses of routine work, would depend on the level of stress in the environment" (AR. 47). And, as noted, Dr. Tanenhaus explained that "again, I recommend that he would do better in a position with limited stress" (AR. 50). The Court concludes that the ALJ erred by failing to include the opinion from Dr. Tanenhaus that the ability of plaintiff to deal with the stresses of routine work depends "on the level of stress in the environment" (*see* AR. 47). Although defendant argues that the ALJ's limitations in plaintiff's RFC to avoid concentrated exposure hazards; perform simple, routine tasks; have only occasional contact with supervisors; and never interact with the public adequately account for Dr. Tanenhaus's opinion regarding plaintiff's limited ability to deal with stress, the Court does not find this argument persuasive. For example, Dr. Tanenhaus indicated specifically that plaintiff had limitations on dealing "with the stresses of routine work;" therefore, a limitation to simple, routine tasks does not eliminate "the stresses of routine work" (*see* AR. 47).

The Court concludes that the ALJ's failure to provide any reason for failing to include in plaintiff's RFC the limitation to lower stress jobs is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, Dock. No. 12-17014, 2015 U.S. App LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* at *9 (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Because the Court cannot conclude with confidence that no reasonable ALJ, when fully crediting the testimony [from Dr. Tanenhaus] could have reached a different disability determination," the Court cannot conclude that the error is harmless. *See Marsh*, Dock. No. 12-17014, 2015 U.S. App LEXIS 11920 at *7-*8 (*citing Stout,* 454 F.3d at 1055-56). It is for "the ALJ and the Commissioner of the Social Security Administration in the first instance" to determine explicitly the effect of the testimony from Dr. Tanenhaus regarding plaintiff's limitation on dealing with the stresses of routine work. *See id.* at *9 (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

It is because this determination should be made by "the ALJ and the Commissioner of the Social Security Administration in the first instance" that this matter

shall be reversed and remanded for further administrative proceedings, as opposed to being reversed with a direction to award benefits. *See id.* The Court concludes that on this issue, further administrative proceedings would be useful. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

> (2) **Whether or not the ALJ improperly applied the doctrine of *res judicata*.**

Plaintiff admits that his previous denial of benefits in ALJ decisions dated February 25, 2009 and April 24, 2012 "were administratively final" (Dkt. 11, p. 3). Because a prior, final determination of non-disability bars re-litigation of that claim through the date of the prior decision, the Court concludes that the ALJ's application of *res judicata* to the period of time prior to April 24, 2012 is appropriate. *See Lester v. Chater*, 81 F.3d 821, 825 n.1, 827 (9th Cir. 1995) (citations omitted). However, the ALJ noted that at least one change occurred after the last decision, in that "claimant turned 50 and changed age categories one month after the decision and prior to his date last insured" (AR. 12). Also, as noted by plaintiff, new evidence was submitted for review, including new medical evidence, a new VA disability rating decision, other new documentary evidence, and new hearing testimony. As noted by defendant, the claimant can overcome the presumption of continuing non-disability by proving "changed circumstances," such as "changes in the claimant's age category" (Dkt. 12, p. 3 (*citing Lester,* 81 F.3d at 827; *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998))). As noted by the Ninth Circuit, "a change in the claimant's age category, as defined in the Medical-

Vocational Guidelines, constitutes a changed circumstance that precludes the application of *res judicata.*" *Lester*, 81 F.3d at 827 (*citing Chavez*, 844 F.2d at 693).

For these reasons and based on the record as a whole, the Court concludes that plaintiff demonstrated changed circumstances, thereby rebutting the presumption of continuing non-disability. *Lester,* 81 F.3d at 827; *Chavez*, 844 F.2d 694. Therefore, the ALJ assigned to this matter following remand should evaluate all evidence relevant to the period of time after April 24, 2012 and prior to plaintiff's date last insured, June 30, 2012 without a presumption of non-disability.

(3)     **Whether or not the ALJ properly evaluated plaintiff's testimony**.

Although defendant is correct that an error in the ALJ's evaluation of the medical evidence, as found by the Court herein, does not necessarily direct a finding of error with respect to plaintiff's credibility, the medical evidence nevertheless is a relevant factor when evaluating a claimant's credibility. *See* 20 C.F.R. § 404.1529(c).  For this reason, following remand of this matter, plaintiff's credibility should be assessed anew. Similarly, the Court concludes that the lay evidence should be evaluated anew following remand of this matter.  As a necessity, plaintiff's RFC also must be determined anew as should the steps four and five findings.

CONCLUSION

The ALJ erred by failing to discuss explicitly the effect of the opinion from Dr. Tanenhaus that plaintiff suffered from limitations in dealing with the stresses of routine work.

1 | Based on this reason and the relevant record, the Court **ORDERS** that this matter
2 | be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to
3 | the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 25th day of August, 2015.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge